CASE 4—PETITION EQUITY—SEPTEMBER 27.

## Musick v. Fisher, &c.

*APPEAL FROM GREENUP CIRCUIT COURT.*

DEED SET ASIDE ON GROUND OF GRANTOR'S TEMPORARY INSANITY AND OF UNDUE INFLUENCE.—In this action to set aside a voluntary conveyance, executed by plaintiff to defendant a few days after the sudden and violent death of plaintiff's wife, plaintiff being at the time eighty-two years old, the court is of opinion that considering the time of the execution of the conveyance, and the plaintiff's age, and his grievous and lonely condition, and the fact that there had not previously existed between plaintiff and defendant any peculiar intimacy or affection, the hasty and inconsiderate transfer by plaintiff of his land must have been the result of madness of mind and undue influence, and, therefore, the conveyance should be set aside.

B. F. BENNETT FOR APPELLANT.

The appellant's mind having been impaired by the sudden and shocking death of his wife, he was not responsible for his acts, and a conveyance of his home, made by him to his nephew, the appellee, without consideration while in this condition, and under the undue and unfair influence of the appellee, should be set aside on the ground of fraud.

The procurement by the appellee of the deed in fourteen days after the death of appellant's wife, tends to show the unfair advantage taken of appellant's condition. (Wait's Actions and Defenses, vol. 2, pp. 502, 504 and 507, vol. 3, pp. 168 and 184, vol. 6, p. 569; Taylor v. Patrick, 1 Bibb, 168; Russell's heirs v. Russell et. al., 4 Dana, 40; Jones v. Perkins, 5 B. M., 225; Jones v. Langdon, 7 B. M., 194; Harper v. Harper, 85 Ky., 160; Howard v. Howard, 87 Ky., 625; Bank of U. S. v. Owens, 2 Peters, 527.)

BEN. E. ROE for appellee.

1. The proof shows that appellant had sufficient capacity to make the deed of gift, and this court will not disturb the conveyance as he had the capacity to understand the character of the transaction. (Am. and Eng. Enc. of Law, vol. 1, p. 426, sec. 6; Bigelow on Fraud, vol. 1, p. 377.)

   No proof was taken by appellant to sustain the allegations of the amended petition of imbecility, ignorance and insanity.

2. Appellant must abide by his own folly in not having the deed read to him. (Am. and Eng. Enc. of Law, vol 5, p. 443, sec. 19, and authorities cited; Bigelow on Fraud, vol. 1, p. 376.)

3. The conveyance to the appellee was in recognition of his many deeds of kindness to the appellant, and also in accordance with a prior expressed intent of appellant.

JUDGE LEWIS delivered the opinion of the court.

Appellant, Joseph Musick, brought this action to set aside a deed for a tract of land worth between two thousand dollars and three thousand dollars that he had executed to appellee George Fisher, and to recover possession held by appellee Alexander, as tenant of Fisher. In his petition he states the deed was executed under belief by him, induced through fraudulent representation by Fisher, it was a will; and in an amended petition he states that owing to his sickness, extreme old age, being eighty-two years old, and shock to his nervous system, caused by recent and sudden killing of his wife by a railroad train, his mind was unbalanced, and he was wholly incapable of transacting business when the deed was executed.

It appears that in 1864 he purchased the land in dispute, which lies in Greenup county, on Ohio river, opposite the city of Portsmouth, Ohio, paying therefor three thousand five hundred dollars, and he and his wife had together resided there continuously, having no children, until her death, September 21, 1889; that her body was taken to Portsmouth for burial, and he went to the house of her sister and mother of George Fisher, Catherine Fisher, who resided there, where he continued as a boarder, paying five dollars per week, until about four weeks before January 18, 1890, when this action was commenced. Appellee Fisher was then about forty years of age, unmarried, and residing also in house of his mother. Appellant states that after death of his wife, and while boarding at the house of Catherine Fisher, he proposed to devise the land to George Fisher, and directed him to have a will made for that purpose, and testifies distinctly that he believed the instrument he executed was a will, and did not know it was a deed until a short time before this action was commenced, when, upon consulting a lawyer about Fisher's right to control and lease the land, he was informed the deed now in question had been recorded. It is true several witnesses, including a notary public, testify that he, appellant, was informed of nature of the paper, and acknowledged it as a deed. But, considering his mental condition at the time, and that he is a German, not having full knowledge or command of the English language, nor being accustomed to the business of making wills and deeds, his statement that he signed the paper believing it to be a will is not to be wholly

discredited, but may be accepted as true, without impeaching the honesty of other witnesses, who could not know certainly what, at the time, was his belief or impression as to character of the paper.

His wife was killed under such distressing circumstances as to necessarily unbalance his mind for the time, or at least to temporarily distract and divert it from his business affairs, and, as is made evident, render him temporarily indifferent about what became of his property. For it appears George Fisher, immediately after the distressing occurrence, removed from the land every article of personal property, which was appropriated by him or his mother, without accounting to appellant or being required by him to account for it.

If the contract for sale of the land was only executory, appellant could resist enforcement upon the ground there was no consideration whatever, either good or valuable, for George Fisher is no blood relation of his, nor did he pay or agree to pay any thing of value therefor. If there had been an agreed consideration for the land which totally failed, the chancellor would not, as often held by this court, hesitate to adjudge a rescission and cancellation of the deed. Or if there had been a consideration which was grossly inadequate, the circumstances of this case would be sufficient to require a rescission. For considering the time, only fourteen days after death of appellant's wife, his age, grievous and lonely condition, and lack of any peculiar or excessive affection for George Fisher, the hasty and inconsiderate transfer of his land and home must have been the result of madness

of mind and undue influence. For it does not appear he had ever needed or received any aid or favor from George Fisher, not fully paid for at the time, or that there had existed previously between them any peculiar intimacy, friendship or affection. It seems to us that to permit the deed in question to stand, would, under circumstances of this case, be unconscionable and inequitable. George Fisher has not paid any thing for the land, nor incurred any expense or trouble by reason of the deed, and as it can be set aside without prejudice to his rights, it should be done.

Wherefore, the judgment of the lower court dismissing appellant's action is reversed and the cause is remanded for judgment in his favor, and necessary and proper proceedings consistent with this opinion.